956 F.2d 278
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John S. PERESIC, Jr., Plaintiff-Appellant,
v.
Gary STOTTS; Gary Rayl; Dave Mccune; Raymond Roberts;
Phyllis Warder; Gay Savino; R. Buford; Stupar; Callison;
Rutledge; Mccray; L. Ewell; D. Shipman; James King;
and Mary Ann Nurse, Defendants-Appellees.
 No. 91-3318.
 United States Court of Appeals, Tenth Circuit.
 Feb. 27, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Peresic appeals the decision of the district court dismissing his complaint. The district court denied Mr. Peresic permission to maintain this appeal in forma pauperis after concluding any appeal would be legally frivolous. Peresic v. Stott, No. 91-3283-S, Order dated Oct. 11, 1991. We grant Mr. Peresic permission to proceed in forma pauperis.
 
 
 3
 Mr. Peresic filed a pro se complaint wherein he alleged he is an inmate in the Kansas prison located at Lansing, Kansas. Mr. Peresic set forth several grievances. First, Mr. Peresic alleged he had a severe stomach disorder, went to the prison infirmary where he was seen by a nurse rather than a doctor, and received medicine that made him sicker than he was. Mr. Peresic alleged this was deliberate indifference to his medical needs. Second, he alleged a prisoner was stabbed and killed by another prisoner "in close proximity" to where Mr. Peresic was residing. Third, Mr. Peresic alleged the prison officials are violating a federal court order that requires segregation of violent offenders. Mr. Peresic alleged these latter two facts constitute reckless endangerment of his life. Mr. Peresic requested damages of $6 million, and injunctive and declaratory relief, all under 42 U.S.C. § 1983.
 
 
 4
 The district court first concluded Mr. Peresic's complaints all stem from the problem of alleged inadequate housing of prisoners at Lansing. The district court then held the housing of prisoners involves management decisions that are not subject to judicial review unless made in such a manner as to constitute a clear abuse of discretion, and concluded no such abuse was shown. The district court also noted the existence of class action in Arney v. Hayden, No. 77-3045, which addresses the same problems, and concluded Mr. Peresic's complaints should not be relitigated in a separate action. The court then dismissed Mr. Peresic's complaint. Peresic v. Stotts, No. 91-3283-S, Order dated Oct. 4, 1991.
 
 
 5
 Mr. Peresic appeals pro se asserting the same arguments raised before the trial court.
 
 
 6
 An allegation of medical malpractice by a nurse, standing alone, does not set forth a constitutional violation under 42 U.S.C. § 1983. Labeling such an act as "deliberate indifference" does not convert it to a cognizable claim.
 
 
 7
 The district court found the balance of Mr. Peresic's claims were being litigated in a class action. In his appeal to us, Mr. Peresic asserts: (1) the district court failed to address his allegation that prison officials were violating the court's order in the class action; and (2) the exact issues he asked the district court to decide are not being litigated in the class action.
 
 
 8
 The district court failed to specifically address the alleged violation of the court orders issued in the class action. However, the district court did address the alleged violation implicitly. Mr. Peresic's proper remedy is to contact the attorneys representing the prisoners in the class action. The class action and its remedial effects would be defeated were every member of the class allowed to pursue independent actions.
 
 
 9
 While Mr. Peresic asserts the class action fails to deal with his complaints, the record does not support this contention. Mr. Peresic's bald assertion in this regard is unsupported by any showing whatsoever.
 
 
 10
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3